United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH ANN WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO BANK, N.A., ET AL., ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> _____) | Case No.: 5:13-CV-03387-EJD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> **[Re: Docket Item No. 14]** |

Plaintiff Elizabeth Ann Williams ("Plaintiff") initiated the present action in state court on June 27, 2013.  See Docket Item No. 1.  Defendants Wells Fargo Bank, N.A., et al. (collectively "Wells Fargo" or "Defendant") removed the case to this court on July 19, 2013.  Id.  Presently before this court is Plaintiff's Motion for Preliminary Injunction Against Trustee Sale, filed August 16, 2013, to enjoin Defendant from initiating a foreclosure sale on her home.  See Docket Item No. 14.  Defendant filed its opposition to the motion on August 30, 2013.  See Docket Item No. 18.  The hearing was held on September 20, 2013.  Having considered the parties' briefs and accompanying submissions, as well as the oral argument, the Court hereby GRANTS Plaintiff's request for preliminary injunctive relief.

1

Case No.: 5:13-CV-03387-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# I. BACKGROUND

This action stems from two loans which Plaintiff obtained from predecessors of Wells Fargo Bank. The first was a mortgage from World Savings Bank obtained on or about December 27, 2000 and the second was a home equity line of credit ("HELOC") obtained on or about April 6, 2006.

From December 2000 until approximately May 2007, Plaintiff paid both of her mortgage payments via automatic bank withdrawals. In or around May 2007 Plaintiff opened a new bank account. Plaintiff informed Wachovia Corporation (Defendant's predecessor) that she had a new bank account and directed them to withdraw monthly payments for both her mortgage and the HELOC. However, HELOC payments were not automatically deducted, although mortgage payments continued. Plaintiff called Defendant, but the situation was not corrected.

After several months, Defendant requested that Plaintiff pay late fees due on the uncollected HELOC payments. In December 2007, Defendant filed a Notice of Default on the HELOC. Plaintiff claims she attempted to contact Defendant to arrange payment of all late fees and arrears, however Defendant did not respond.

In September or October 2008, Plaintiff was served with eviction and foreclosure notices, stemming from the default on the HELOC. Plaintiff engaged the help of an attorney, who sent a letter to Defendant requesting a reinstatement amount and stating that Plaintiff was willing and able to pay the reinstatement figure with certified funds. The trustee's deed upon sale was rescinded on or about October 14, 2008 and around January 2009 Defendant reinstated the HELOC after Plaintiff paid fees and expenses.

In the meantime, Defendant stopped automatically withdrawing payments for Plaintiff's mortgage in October 2008. In March 2009, Plaintiff received a statement indicating that she was five months late on payments for her mortgage and requesting fees to cure her default. Plaintiff contacted Defendant to inquire about repaying her mortgage, but was told that there was no record of her loan. In March 2009, Plaintiff met with a bank representative to pay the full amount of her loan payments, but was told that she would be required to pay fees and penalties in addition to the arrears, which she refused to pay. Defendant's employee refused to accept any payment that did

2
Case No.: 5:13-CV-03387-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1   not include the fees and penalties. On August 6, 2009, Defendant recorded a Notice of Default on

2   the mortgage. Starting in October 2009, Plaintiff submitted a number of loan modification

3   applications, which were each denied.

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

As a corollary to this test, the Ninth Circuit has also found that, " 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III. DISCUSSION

**A. Likelihood of Success on the Merits / Serious Questions Going to the Merits**

Plaintiff's Second Amended Complaint (Docket Item No. 29) contains five causes of action: (1) violation of California Business and Professions Code §§17200 et seq., (2) breach of the covenant of good faith and fair dealing, (3) anticipatory breach of contract, (4) declaratory relief, and (5) injunctive relief.

Without addressing all the claims, the Court analyzes Plaintiff's claim that Defendant has breached the covenant of good faith and fair dealing. In California, a covenant of good faith and fair dealing is implied in every contract. Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 371–72 (1992). Its purpose is to ensure that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. Am. Empire

Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (quoting Comunale v. Traders & Gen. Ins. Co., 50 Cal. 2d 654, 658 (1958)).

"[T]he factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010). An implied covenant claim requires the plaintiff to "show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990).

Plaintiff alleges that it was Defendant's conscious and deliberate actions that caused non-payment of the loan, because Defendant actively hindered Plaintiff's obligation to pay her loans. See Cockrell v. Wells Fargo Bank, N.A., No. 13-CV-2072, 2013 WL 3830048, at *4 (N.D. Cal. July 23, 2013). There is no doubt that a contract existed between the parties whereby Plaintiff agreed to pay Defendant monthly mortgage payments and that it was Defendant who stopped collecting monthly payments.

Defendant argues that Plaintiff's claim is time-barred, however Plaintiff contends that the breach of contract occurred either in August 2009 when the Notice of Default was recorded or in July 2013 when the trustee sale was scheduled. Both of these dates fall within the four-year time period before the complaint was filed. The Court determines that Plaintiff has, at the very least, raised "serious questions" on the merits of her claim.

**B. Likelihood of Irreparable Harm**

"Irreparable injury has been defined as that injury which is certain and great." Planet Coffee Roasters, Inc. v. Hung Dam, 2010 WL 625343, at *6 (C.D. Cal. Feb. 18, 2010) (quoting

4

Case No.: 5:13-CV-03387-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

1  Coffee Dan's Inc. v. Coffee Don's Charcoal Broiler, 305 F. Supp. 1210, 1216 (N.D. Cal. 1969)).

2  The Ninth Circuit has noted that a "loss of an interest in real property constitutes an irreparable

3  injury." Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1159 (9th

4  Cir. 2010). It is highly likely that if the trustee sale were to proceed, Plaintiff would lose her real

5  property and, as a result, would suffer irreparable injury.

**C. Balance of the Hardships**

The balance of the hardships between the parties tips in Plaintiff's favor because this case involves the sale of Plaintiff's home. See Naderski v. Wells Fargo Bank, N.A., No. 11-CV-1783, 2011 WL 1627161, at *2 (C.D. Cal. Apr. 25, 2011) (concluding that "the balance of hardships tips sharply in plaintiff's favor: if the trustee's sale is not enjoined plaintiff is likely to forever lose his home, whereas defendants will only experience a temporary delay in earning income from their investment"). While the Court must be mindful that Plaintiff's loans have not been paid, it was as a result of Defendant's actions that loan payments were not deducted from her bank account.

**D. Public Interest**

Numerous courts have indicated that "it is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes." Sencion v. Saxon Mortg. Servs., LLC, No. 10-CV-3108, 2011 WL 1364007, at *3 (N.D. Cal. Apr. 11, 2011); see also Naderski, 2011 WL 1627161, at *2 (noting that "[t]he public interest . . . weighs in favor of preventing the wrongful foreclosure of individuals' property").

Because there are at least serious questions going to the merits and the case involves the sale of Plaintiff's home, the public interest weighs in favor of a preliminary injunction.

**E. Bond**

In the event, as here, that the court grants a preliminary injunction, it may also require movant to post a bond. See Fed. R. Civ. P. 65(c) (providing that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). The Court determines that because Plaintiff has not paid her debt to Defendant, it is proper to order a bond of six months' mortgage payments.

5

Case No.: 5:13-CV-03387-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction Against Trustee Sale is GRANTED. Upon proof that Plaintiff has posted the requisite bond, Defendants, as well as their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them, are hereby enjoined from selling the real property commonly known as 2490 Scarlett Road, Gilroy, CA 95020 during the pendency of this legal action.

**IT IS SO ORDERED**

Dated: September 30, 2013

EDWARD J. DAVILA
United States District Judge