|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELIZABETH ANN WILLIAMS,
  Plaintiff,
v.
WELLS FARGO BANK, N.A., et al.,
  Defendants.

Case No. 5:13-cv-03387-EJD

**ORDER RE: PLAINTIFF'S MOTION IN LIMINE**

Re: Dkt. No. 110

The Court has reviewed Plaintiff's motion in limine to exclude evidence of nuisance lawsuits against Plaintiff, habitability lawsuits against Plaintiff, and Plaintiff's 2009 burglary conviction (Dkt. No. 110). The Court has also reviewed Defendants' opposition (Dkt. No. 123), Defendants' supplemental opposition (Dkt. No. 153), and Plaintiff's reply (Dkt. No. 154).

During the final pretrial conference on July 25, 2017, counsel for Defendants indicated that they would provide additional evidence (e.g., a plea colloquy) showing that Plaintiff's burglary conviction was punishable by imprisonment for more than one year (as Fed. R. Evid. 609(a)(1) requires). Defendants have not done so.

Accordingly, the Court GRANTS Plaintiff's motion in limine (Dkt. No. 110) because the potential prejudice of evidence of the lawsuits and conviction outweighs its probative value under Fed. R. Evid. 401 and 403. The Court finds that there is ambiguity surrounding whether Plaintiff's conviction was punishable by imprisonment for more than one year. As such, the Court will not admit evidence of the conviction under Fed. R. Evid. 609(a)(1). The Court also finds that there is ambiguity surrounding whether Plaintiff's burglary conviction involved fraud or deceit, and

Case No.: 5:13-cv-03387-EJD
ORDER RE: PLAINTIFF'S MOTION IN LIMINE
1

therefore the Court will not admit evidence of the conviction under Fed. R. Evid. 609(a)(2). See U.S. v. Glenn, 667 F.2d 1269, 1273 (9th Cir. 1982) ("Generally, crimes of violence, theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2). . . . [However,] [a] conviction for burglary or theft may nevertheless be admissible under rule 609(a)(2) if the crime was actually committed by fraudulent or deceitful means.").

Should they wish to impeach Plaintiff with the burglary conviction, Defendants may submit additional evidence showing that the burglary conviction is admissible under Fed. R. Evid. 609(a)(1) or (a)(2).

**IT IS SO ORDERED.**

Dated: August 7, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-03387-EJD
ORDER RE: PLAINTIFF'S MOTION IN LIMINE
2