UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELIZABETH ANN WILLIAMS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 5:13-cv-03387-EJD

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

Re: Dkt. No. 164

Following a jury trial, Defendant Wells Fargo Bank, N.A. moves for an award of attorneys' fees against Plaintiff Elizabeth Ann Williams. Wells Fargo's motion will be granted.

**I.  BACKGROUND**

Williams obtained a $492,800 home loan from Wells Fargo's predecessor in 2000. Second Am. Compl. ("SAC") ¶ 10, Dkt. No. 29. The loan terms were stated in a promissory note and the loan was secured by a deed of trust. Id. ¶ 1. In 2006, Williams obtained a $200,000 home equity line of credit from the same bank. Id. ¶ 11. This loan was also secured by a deed of trust. Id.

Case No.: 5:13-cv-03387-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

1

Williams alleges that Wells Fargo failed to properly withdraw her monthly payments from her checking account, leading to an "artificial default" and foreclosure on the second mortgage in 2008. Id. ¶¶ 17–29. Williams filed this action in 2013, in which she alleges a range of injuries, including up to $2.2 million in credit damages.

A jury trial commenced on August 8, 2017. The jury returned a verdict in Wells Fargo's favor (Dkt. No. 161) and judgment was entered accordingly (Dkt. No. 162). Wells Fargo now seeks to recover attorneys' fees under the fee clauses in the promissory note and deed of trust. Def.'s Mot. for Att'ys' Fees ("Mot.") 5, Dkt. No. 164.

**II.    LEGAL STANDARD**

"Under the American Rule, the prevailing litigant is ordinarily not entitled to collect reasonable attorney's fees from the losing party." Travelers Cas. and Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007) (internal citations and quotations omitted). However, attorneys' fees can be recovered under statutory provisions or the terms of a contract. Id. "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). Thus, state law governs the enforceability of a contract's attorneys' fees provision.

In California, Civil Code § 1717(a) governs fee applications stemming from contract actions:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The court determines whether a party has prevailed on the contract for the purposes of awarding fees. Cal. Civ. Code § 1717(b)(1). The prevailing party on a contract is the party that recovered a greater relief in the action on the contract. Id. § 1717(b)(2).

"Under California law, when a party to a contract dispute obtains a simple unqualified win

Case No.: 5:13-cv-03387-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES
2

in litigation, a court has no discretion to deny attorneys' fees pursuant to a valid contractual attorneys' fees clause under section 1717." Albizo v. Wachovia Mortg., No. 2:11-CV-2991 AC, 2013 WL 5425129, at *4 (E.D. Cal. Sept. 26, 2013).

## III. DISCUSSION

Under the lodestar method of evaluating a request for attorneys' fees, the lodestar is the number of hours spent on the case multiplied by a reasonable hourly rate. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). The lodestar "may be adjusted upward or downward to account for several factors including the quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." Id.

Here, Wells Fargo requests an award of $262,260.47 under the attorneys' fees provisions at paragraph 7(E) of the promissory note and covenant 7 of the deed of trust. Mot. 5–6, 16. That request is based on billing rates of $365/hour for attorney Mark Flewelling (20.2 hours), $340/hour for attorney Robert Bailey (116.9 hours), $275/hour for attorney Michael Rapkine (917.4 hours), and $160/hour for paralegal Helene Saller (45.5 hours), as well as ancillary work performed by other attorneys and paralegals. Mot. 13; Flewelling Decl. ¶ 3, Dkt. No. 164-1. This case involved two amended complaints, fully briefed motions to dismiss and for a preliminary injunction, extensive discovery, pretrial motions, and a full jury trial.

Based on counsel's declarations and the circumstances of this case, the Court finds the requested fees to be reasonable under the lodestar method. See Sato v. Wachovia Mortg., FSB, No. 5:11-CV-00810 EJD, 2013 WL 61103, at *3 (N.D. Cal. Jan. 3, 2013) (finding that similar billing rates from the same law firm involved in this case were "commensurate with those charged in the local legal community").

Williams does not dispute the reasonableness of the amount of Wells Fargo's fees request. Pl.'s Opp'n to Def.'s Mot. for Att'ys' Fees ("Opp'n"), Dkt. No. 171. Nor does Williams dispute that the relevant loan agreements contain valid fees provisions that apply to this case. Id. Instead, Williams argues that this Court has "discretion to refuse to enforce a contractual attorney's fees provision where it would be inequitable and unreasonable." Id. at 1–2. Williams argues that an

Case No.: 5:13-cv-03387-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES
3

attorneys' fees award would be inequitable because, when she filed this case, "she was in a rush to prevent a foreclosure and was not paying attention to the risks of the fees provision in her contract of adhesion." Id. at 3. She further argues that a fees award would be unjust because she now owes $365,000 in arrears. Id.

Wells Fargo responds that the Court may not deny a fees award here because an award under § 1717 is mandatory, not discretionary. See Cal. Civ. Code § 1717(a) ("the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs") (emphasis added); see also Def.'s Reply in Support of Mot. for Att'ys' Fees ("Reply") 2–4, Dkt. No. 172.

The Court finds that, even if § 1717(a) is discretionary, a fees award is equitable under the circumstances of this case. Williams is a sophisticated real estate investor who owns approximately twenty buildings consisting of approximately 100 rental units. Id. at 7. She testified that she has $11 million in equity in her rental holdings, and she testified further that she has approximately $900,000 in liquid assets at her disposal. Id. In addition, Williams was aware of the attorneys' fees provisions in her loan agreements when she brought this action. SAC ¶¶ 80, 89. Accordingly, the Court finds that a fees award is warranted.

## IV. CONCLUSION

Wells Fargo's motion for attorneys' fees is GRANTED.

**IT IS SO ORDERED.**

Dated: October 30, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-03387-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES
4